FILED

NOT FOR PUBLICATION

JUN 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HEYDI MARISOL SOMOZA, | No. 11-73525 |
| Petitioner, | |
| v. | Agency No. A200-031-432 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Heydi Marisol Somoza, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Somoza testified that gang members killed her boyfriend – a bus driver who refused to pay an extortion demand – and afterwards threatened to kill her if she remained in El Salvador. Substantial evidence supports the agency's finding that Somoza failed to establish her experiences in El Salvador rise to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153-54 (9th Cir. 2005) (record did not compel finding threats constituted persecution); *see also Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (no past persecution where harm to others was not part of "a pattern of persecution closely tied to" petitioner) (internal quotation marks and citation omitted). Substantial evidence also supports the agency's finding that Somoza failed to establish a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Thus, we deny the petition as to Somoza's asylum claim.

Because Somoza did not establish eligibility for asylum, her withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

11-73525

Finally, Somoza does not challenge the BIA's determination that she waived appeal of the IJ's denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**